**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 17 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-35436 |
| Plaintiff-Appellee, | D.C. Nos.   1:16-cv-00442-WFN |
| v. |                1:12-cr-00093-WFN-1 |
| MATTHEW HUTCHESON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Wm. Fremming Nielsen, District Judge, Presiding

Submitted July 15, 2019**

Before:     SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Matthew Hutcheson appeals pro se from the district court's order denying

his 28 U.S.C. § 2255 motion challenging his conviction and 210-month sentence

for wire fraud, in violation of 18 U.S.C. § 1343.  We have jurisdiction under 28

U.S.C. § 2253.  We review de novo the district court's denial of a section 2255

---

      *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      **     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

motion, *see United States v. Manzo*, 675 F.3d 1204, 1209 (9th Cir. 2012), and we affirm.

Hutcheson contends that trial counsel was constitutionally ineffective for failing to investigate and present the "ERISA defense" theory advanced by Hutcheson. The record reflects that trial counsel understood and thoroughly investigated this theory but concluded that (1) the theory could not be corroborated adequately, and (2) the more effective trial strategy would be to argue that Hutcheson lacked the intent to defraud. This did not amount to constitutionally deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 690(1984); ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.").

Hutcheson also contends that appellate counsel was constitutionally ineffective on direct appeal for failing to cite *United States v. Evans*, 728 F.3d 953 (9th Cir. 2013), when challenging the district court's exclusion of documentary evidence of "irrevocable trust receipts." Because *Evans* is inapposite, counsel's failure to cite and argue it was not objectively unreasonable. *See Strickland*, 466 U.S. at 687-88; *see also Smith v. Robbin*s, 528 U.S. 259, 288 (2000) (presumption of effective assistance of appellate counsel is generally overcome "only when

ignored issues are clearly stronger than those presented").

We treat Hutcheson's briefing of additional claims as a motion to expand the certificate of appealability. So treated, the motion is denied. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir. 1999).

Hutcheson's motion to supplement the record is denied. The Clerk shall strike Attachments A, B, and C at Docket Entry No. 14-2 and the material at Docket Entry No. 19. The motion to seal at Docket Entry No. 14-1 is denied as moot.

Hutcheson's motion for judicial notice is denied.

**AFFIRMED.**